## SOLOMON v. DAVIS.

Circuit Court, Sarasota County.

September 11, 1956.

W. Davis Parker, Williams, Dart & Bell, Sarasota, for plaintiff.

Clarence J. Stokes, Sarasota, for defendant.

L. L. FABISINSKI, Circuit Judge.

The defendant is married, with a husband living in the home, which is the separate property of the defendant owned by her before she married her present husband. She is the matriarch of the household. Her husband makes enough to support himself and to contribute insubstantially to the upkeep of the family. The defendant is the sole provider for two minors, a grand-niece and a grand-nephew, not formally adopted by her, but to all intents and

purposes wholly dependent upon her. Her household would exist as a family unit, regardless of her marital status, and regardless of the presence or absence of a husband in the home.

Plaintiff seeks to subject the home of the defendant to a judgment obtained against her in another matter unconnected with this proceeding. Execution was levied against the property upon which the home is erected. Defendant filed her claim with the sheriff of exemption under the constitution as the head of a family.

There is, of course, a presumption that where married people live together in a common home, the husband is the head of the family. The burden is on the defendant to establish that she, in fact, rather than her husband, is the head of the family in the present instance.

Counsel for the respective parties have exhausted all available authorities, in Florida and elsewhere, but no case directly in point has been found.

There cannot be, of course, two heads of a single family. In the case before the court, it is highly unlikely that the husband will ever have occasion to claim the exemption in the family homestead for his own purposes. It is recognized that he is not a party to the proceedings, and may not be bound by the decision of the court. But he was a witness for the defendant, and is entirely acquiescent in her claim of homestead exemption.

Except for the anomaly of declaring a married woman with a self-supporting husband to be the head of a family of which he is a part, no legal impediment exists which would inhibit the court in sustaining her position. Her claim is for the purpose contemplated by the constitutional provision. Without doubt the enforcement of the judgment would completely disrupt the home as it now exists and leave the defendant and the dependent children homeless. Citation of authorities would serve no useful purpose. The equities of the case justify a liberal application of the principle involved, not from the viewpoint of the situation of the personalities involved, but from the viewpoint of the public purpose to be served by a recognition of the existence of a family relationship with headship in the really dominant leader of the family group, even though such recognition is at variance with the preconceived traditions of headship in the male of the species.

Let a decree be drawn in accordance with the views expressed herein, accomplishing the setting aside of the single lot upon which the improvements consisting of the homestead are erected, but not including the adjoining lot, which was not a part of the original homestead site.